# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALVE,<br>CDCR #B-77176,<br><br>                           Plaintiff,<br><br>vs.<br><br>P. KUZIL-RUAN, et al.,<br><br>                           Defendants. | Civil No.   15-cv-2086 BEN (PCL)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g)**<br>**[ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Alejandro Alve ("Plaintiff"), proceeding pro se and currently incarcerated at Calipatria State Prison located in Calipatria, California, initially filed this civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1) in the Central District of California. On September 17, 2015, United States District Judge Christina Snyder determined that venue was proper in the Southern District of California and transferred the matter to this Court. (ECF Doc. No. 6.)  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP").  (ECF Doc. No. 2.)

# I.

## MOTION TO PROCEED IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file

the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II.

### APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has found no "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Plaintiff is challenging the validity of the documents in his central file that were allegedly used by the classification committee to determine his level of confinement.

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Alejandro Alve, CDCR #B-77176, while incarcerated, has brought three prior civil actions, in both this Court and in the Northern District of California, which have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g).

/ / /

/ / /

They are:

1) *Alve v. State of California, et al.*, Civil Case No. 5:98-cv-21253-PVT (N.D. Cal. March 11, 1999) (Order dismissing case for failing to state a claim) (strike one);

2) *Alve v. California Dep't of Corrections, et al.*, Civil Case No. 3:00-cv-02322-IEG-CGA (S.D. Cal. May 16, 2001) (Order dismissing action with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) § 1915A(b)) (strike two);

3) *Alve v. D. Edwards, et al.*, Civil Case No. 3:10-cv-01389-DMS-POR (S.D. Cal. Nov. 19, 2010) (Order dismissing action for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed either of his complaints, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III.
### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a); and

     (3)   **GRANTS** Plaintiff forty-five (45) days from the date of this Order in which to re-open his case by paying the entire $400 statutory and administrative filing fee.

**IT IS SO ORDERED.**

DATED: September 23, 2015

                                      Hon. Roger T. Benitez
                                      United States District Judge