UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alejandro Alve,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>P. Kuzil-Ruan, et al.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:15-cv-02086-BEN-PCL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>[Docket No. 11] |

**I.   Procedural History**

Plaintiff, an inmate currently housed at Calipatria State Prison ("CAL"), located in Calipatria, California, is proceeding pro se in this action filed pursuant to 42. U.S.C. § 1983. On September 23, 2015, this Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") as barred by 28 U.S.C. § 1915(g) and dismissed this civil action without prejudice for failing to pay the required civil filing fee. (ECF No. 9.) Plaintiff was granted forty-five (45) days to pay the entire $400 statutory and administrative filing fee in order to re-open the case. (*Id.*) Instead, Plaintiff has filed a "Motion to Vacate Court Order." (ECF No. 11.)

///

///

## II. Plaintiff's Motion to Vacate

Plaintiff's is seeking an Order from this Court vacating the Court's September 23, 2015 Order denying Plaintiff's Motion to Proceed IFP on the grounds that: (1) Plaintiff was already granted IFP status in the Central District; (2) one of the "strikes" cited by the Court is not a "strike" for § 1915(g) purposes because he had paid the filing fee; and (3) Plaintiff disputes the validity of the case cited by the Court as filed in the Northern District of California.

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. Fed. R. Civ. P. 60(b).

### B. Plaintiff's Case

#### 1. IFP Status

Plaintiff argues that this Court improperly "over rid, overruled and revoked Judge Frederic F. Mumm's Court Order to grant leave to proceed in Forma Pauperis without any authority to do so." (Pl.'s Mot., ECF No. 11, at 1.) Plaintiff is incorrect. The Court's docket reflects that Plaintiff initially filed this action in the Central District of California. (ECF No. 1.) Plaintiff is correct that he was initially granted IFP status by

United States Magistrate Judge Frederick F. Mumm. (ECF No. 4.)  However, this Order was later vacated by United States District Judge Christina Snyder on September 17, 2015 and the entire matter transferred to this Court.  (ECF No. 6.)  Therefore, this Court has the jurisdiction to determine whether Plaintiff is entitled to proceed IFP in this matter.

### 2. *Alve v. D. Edwards, et al.* Civil Case No. 3:10-cv-01389-DMS-POR

Plaintiff argues that this case cannot be counted as a "strike" for § 1915(g) purposes because this case was "dismissed 'without prejudice' for lack of procedure." (Pl.'s Mot. at 2.)  This is not a correct reflection of the record in this previous matter.  On November 19, 2010, Plaintiff's First Amended Complaint was dismissed "without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)" which constitutes a "strike." (*See Alve v. D. Edwards*, *et al.*, Civil Case No. 3:10-cv-01389-DMS-POR, ECF No. 8.)   Moreover, Plaintiff's argument that this cannot be counted as a strike because he was not proceeding IFP in that matter is without merit.  Plaintiff is barred from seeking IFP status pursuant to § 1915(g) which states that a prisoner may not proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Whether or not Plaintiff paid the filing fee in these previous cases is not applicable to determining whether or not these cases can be considered "strikes" for § 1915(g) purposes.  The only inquiry required is whether these actions were dismissed as frivolous, malicious, or failed to state a claim. In this case, the matter referenced by the Court was clearly dismissed for failing to state a claim and thus, was appropriate to count as a "strike."

///

///

### 3. Plaintiff's Claims in Current Action

Plaintiff also argues that the Court has misstated the issues in this matter. Specifically, Plaintiff argues that there are two issues in the instant action: (1) "Violation of petitioner's First Amendment right to appeal;" and (2) "Staff's deliberate fabrication of false evidence to cover-up High-ranking Staff's reprisals against petitioner." (Pl.'s Mot. at 2.)

Plaintiff's Complaint states that his claims are "First Amendment, right to appeal; 14th Amendment Due Process; Fourteenth Amendment Equal Treatment; Abuse of Authority under color of law." (Pl.'s Compl., ECF No. 1, at 5.) If a Court finds that a prisoner has accumulated three "strikes," they may still be entitled to proceed IFP with an exception to § 1915(g) if they can "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th. Cir 2007.) In the Court's Order, Plaintiff's factual allegations were summarized and it was found that he made no "plausible allegation" that he faced "imminent danger of serious physical injury" when he filed this action. In addition, he makes no such claim in the current motion before the Court.

### 4. Action Filed in Northern California

Plaintiff claims that the "strike" counted by the Court for an action filed in the Northern District of California is not valid because he claims he never filed an action in Northern California. (Pl.'s Mot. at 2.) Moreover, Plaintiff argues that there is no "evidence that the Northern District Court had transferred said case to the Southern District Court's venue in 1999." (*Id.*)

The Court has reviewed the docket of the Northern District of California in *Alve v. State of California, et al.*, N.D. Cal. Civil Case No. 5:98-cv-21253-PVT and finds that it correctly identifies Plaintiff with his address at Calipatria State Prison. Plaintiff is correct that this matter was not transferred to the Southern District and this Court made no finding that this matter was transferred to the Southern District. A court "'may take

notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Regardless of which court Plaintiff files an action, this Court may take judicial notice of a docket of another court in order to determine whether Plaintiff has accumulated three "strikes" for § 1915(g) purposes.

Plaintiff has provided no basis for the Court to vacate the Court's September 23, 2015 Order denying Plaintiff's Motion to Proceed IFP as barred by 28 U.S.C. 21 1915(g). A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2013) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)).

### III. Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration brought pursuant to Rule 60 (ECF No. 11) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: October 19, 2015

Hon. Roger T. Benitez
United States District Judge