UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alejandro Alve,<br><br>             Plaintiff,<br><br>v.<br><br>P. Kuzil-Ruan, et al.,<br><br>             Defendant. | Case No.:  3:15-cv-02086-BEN-PCL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**ECF No. 14** |

### I.   Procedural History

Plaintiff, an inmate housed at Calipatria State Prison, located in Calipatria, California, is proceeding pro se in this action filed pursuant to 42. U.S.C. § 1983. On September 23, 2015, this Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") as barred by 28 U.S.C. § 1915(g) and dismissed this civil action without prejudice for failing to pay the required civil filing fee.  (ECF No. 9.)  Plaintiff was granted forty-five (45) days to pay the entire $400 statutory and administrative filing fee in order to re-open the case.  (*Id.*)  Instead, Plaintiff filed a "Motion to Vacate Court Order."  (ECF No. 11.)

///

In that motion, Plaintiff sought to vacate the Court's September 23, 2015 Order denying Plaintiff's Motion to Proceed IFP on the grounds that: (1) Plaintiff was already granted IFP status in the Central District; (2) one of the "strikes" cited by the Court was not a "strike" for § 1915(g) purposes because he had paid the filing fee; and (3) Plaintiff disputed the validity of the case cited by the Court as filed in the Northern District of California. Plaintiff's motion was denied. (ECF No. 12.)

Plaintiff has filed a second "Motion for Reconsideration" in which he continues to challenge the validity of the case cited by this Court as a "strike" that was filed in the Northern District of California and asserts he has only filed two civil suits. (ECF No. 14.)

### A.  Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. FED. R. CIV. P. 60(b).

### B.  Plaintiff's Case

In his current Motion, Plaintiff argues that the Court is "in error" with regard to the civil suit filed in Northern California that the Court has counted as a "strike." (Pl.'s Mot.

at 1, ECF No. 14.)  Plaintiff maintains that he "has been incarcerated at Calipatria State Prison since 1993" and "during this time [he] has filed before the Court two (2) civil suits."[1]  (*Id.*)

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)

Plaintiff's claim that he has only filed two civil cases since 1993 is simply not true.  The Court has reviewed the dockets of each of the California District Courts and finds that Plaintiff has filed two petitions for writ of habeas corpus in the Central District of California, and seven petitions for writ of habeas corpus in the Southern District of California.  In addition, Plaintiff has filed three civil rights actions in the Central District of California, seven civil rights actions in the Eastern District of California, one civil rights action in the Northern District of California and four civil rights action in the Southern District of California.[2]

Plaintiff claims that the Court based its denial on the fact that the alleged cases had the name "Alve" without making sure if the person's name, CDC# was that of mine."  (Pl.'s Mot, ECF No. 14, at 2.)  This is not accurate.  In each one of these cases, the Plaintiff is listed as "Alejandro Alve" with Plaintiff's CDCR inmate booking number.  In addition, Plaintiff's address in each one of these cases is listed as "Calipatria State Prison."

---

[1] While Plaintiff may have been incarcerated at Calipatria State Prison since 1993, he was initially convicted and incarcerated with the California Department of Corrections and Rehabilitation in 1976.  *See Alve v. Small, et al.*, S.D. Cal. Civil Case No. 10cv0988 MMA (JMA) (Pl.'s Pet. for Writ of Habeas Corpus, ECF No. 1, at 1.)

[2]  *See* https://pcl.uscourts.gov/search (last visited Jan. 15, 2016)

### III. Conclusion and Order

Accordingly, Plaintiff's Motion for Reconsideration brought pursuant to Rule 60 (ECF No. 14) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 22, 2016

Hon. Roger T. Benitez
United States District Judge